IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GANN PROPERTIES, L.P.,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>JUDAN COATS, et al.,<br><br>　　　　Defendants. | Case No.: 13-cv-3718 JSC<br><br>**ORDER REASSIGNING CASE; RECOMMENDATION TO GRANT PLAINTIFF'S MOTION TO REMAND AND DENY PLAINTIFF'S REQUEST FOR ATTORNEY'S FEES (Dkt. No. 6)** |

Now pending before the Court is Plaintiff Gann Properties, L.P.'s motion to remand. (Dkt. No. 6.) In addition to requesting a remand, Plaintiff's motion seeks attorney fees in the amount of $750.00. A hearing was held on October 3, 2013 at which no defendant appeared. Because the undersigned magistrate judge does not have the consent of all the parties to this action pursuant to 28 U.S.C. § 636, the Court ORDERS this case reassigned to a district judge. For the reasons stated below, the undersigned RECOMMENDS that the District Court GRANT Plaintiff's motion to remand and DENY Plaintiff's request for attorney's fees.

Plaintiff brought this state law unlawful detainer action against Defendants in the Superior Court of California for the County of Contra Costa seeking to evict Defendant Edith J. Zufall, a tenant, from real property located in Martinez.[1] Defendant Zufall is 92 years old. (Dkt. No. 2.)

---

[1] Although the Notice of Removal describes Zufall as a "former" tenant, (Dkt. No. 1-1, p. 1), the address she provided to the Court as her own is the same address for the property that is in dispute in this action.

Zufall, proceeding pro se, purported to remove the action to this Court on the basis of federal question jurisdiction. Zufall has not filed an opposition to Plaintiff's motion or otherwise responded to the motion.

## DISCUSSION

### A. Removal

Zufall, as the party seeking removal to this federal court, bears the burden of establishing that subject matter jurisdiction exists, and courts strictly construe the removal statute against removal jurisdiction. *Gaus v. Miles, Inc.,* 980 F.2d 564, 566-67 (9th Cir. 1992). Further, when a case is removed to federal court, the court has an independent obligation to satisfy itself that it has federal subject matter jurisdiction. *Valdez v. Allstate Ins. Co.,* 372 F.3d 1115, 1116 (9th Cir. 2004). The Court has reviewed the Notice of Removal and has determined that subject matter jurisdiction does not exist.

"Federal question jurisdiction exists only when a federal question exists on the face of a well-pleaded complaint." *ING Bank, FSB v. Pineda*, No. 12-2418, 2012 WL 2077311, at *1 (N.D. Cal. June 8, 2012). The removed complaint makes only a state law claim for unlawful detainer. (Dkt. No. 1-1, p. 8.) Zufall's Notice of Removal contends that federal question jurisdiction exists because Plaintiff's unlawful detainer claim is actually an artfully pled claim under the Protecting Tenants at Foreclosure Act ("PTFA"). 12 U.S.C. § 5220. The PTFA "provides certain protections to tenants who reside in properties subject to foreclosure," including the requirement that a 90–day notice to vacate be given to bona fide tenants. *SD Coastline LP v. Buck*, 2010 WL 4809661, at *1-2 (S.D. Cal. Nov. 19, 2010). However, Plaintiff's complaint itself is strictly an action based on the California unlawful detainer statutes, and Zufall's reference to the PTFA is best characterized as a potential defense or counterclaim. *See RWW Props., LCC v. Lucas*, 2013 WL 1876636, at *2 (E.D. Cal. May 3, 2013) (collecting cases). However, neither a defense nor a counterclaim is considered in evaluating whether a federal question appears on the face of a plaintiff's complaint. *See ARCO Envtl. Remediation, LLC v. Dep't. of Health & Envtl. Quality of the State of Montana*, 213 F.3d 1108, 1113 (9th Cir. 2000) (defense); *see also Vaden v. Discover Bank*, 556 U.S. 49, 60 (2009) (counterclaim). Therefore, this Court does not have federal question jurisdiction.

Although the Notice of Removal does not allege jurisdiction based on diversity, the Court notes that such jurisdiction does not exist in this case. Jurisdiction founded on diversity "requires that the parties be in complete diversity and the amount in controversy exceed $75,000." *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003). Complete diversity means that "each of the plaintiffs must be a citizen of a different state than each of the defendants." *Allstate Ins. Co. v. Hughes*, 358 F.3d 1089, 1095 (9th Cir. 2004). Zufall has not established that the parties are diverse or that the amount in controversy exceeds $75,000. Instead, the face of the state court complaint states that the amount demanded is less than $10,000. (Dkt. No. 1-1, p. 8.) Further, even if these requirements were met, removal would still be improper because Zufall, an apparent California resident, is precluded from removing an action where she is a citizen of the state in which the action was brought. 28 U.S.C. § 1441(b)(2).

**B.     Attorney's Fees**

Plaintiff also requests that Zufall pay it $750 award in attorney's fees. Pursuant to 28 U.S.C. § 1447(c), a district court has the discretion to award attorney's fees and costs upon remand if the defendant lacked an "objectively reasonable" basis for removal. *See Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005); *see also Patel v. Del Taco, Inc.*, 446 F.3d 996, 999 (9th Cir. 2006) (upholding fee award under § 1446(c) where the removal was "frivolous"). A pro se defendant is "entitled to more leeway in his attempt to comply with the removal statute." *HSBC Bank USA, N.A. v. Bryant*, 2009 WL 3787195, at *5 (S.D. Cal. Nov. 10, 2009). Although the Court concludes that Zufall's removal lacked merit, it does not find that she relied on the PTFA in bad faith. Even if Zufall removed this case the day before trial was to commence in state court, this Court is not persuaded that Zufall—a 92-year-old tenant proceeding pro se—was acting without a good faith belief that she had an objectively reasonable basis for removal. Plaintiff's fee request should be denied.

## CONCLUSION

For the reasons stated, the undersigned RECOMMENDS that the newly assigned district judge 1) GRANT the motion and REMAND the case back to Contra Costa County Superior Court, and 2) DENY Plaintiff's request for attorney's fees.

3

The Court informs Zufall that she may seek assistance from, among others, Bay Area Legal Aid Contra Costa County, which can be contacted through their website (http://baylegal.org/locations-2/contra-costa-county/) or by telephone at either (510) 250-5270 or (925) 219-3325.

Plaintiff shall serve a copy of this report and recommendation on Defendants within three days from the filing date of this Order and shall file a proof of service with this Court.

Any party may file objections to this report and recommendation with the district court judge within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b); Civil L.R. 72–3. Failure to file objections within the specified time may waive the right to appeal the District Court's ultimate Order.

**IT IS SO ORDERED.**

Dated:  October 3, 2013

_____
JACQUELINE SCOTT CORLEY
UNITED STATES MAGISTRATE JUDGE